United States District Court
Southern District of Texas

**ENTERED**

October 17, 2018

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ALEXIS PAREDES-MUNIZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-164 |
| | § | |
| LORIE DAVIS, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 15, 2018, Petitioner Juan Alexis Paredes-Muniz filed a petition for writ of habeas corpus.[1] Dkt. No. 1. Paredes-Muniz argues that the State's failure to timely try him on pending charges violates his speedy trial rights.

Based upon the record and the relevant case law, the petition should be dismissed, based on the Court abstaining from exercising its jurisdiction.

### I. Background

On December 15, 2015, Paredes-Muniz was convicted of illegally re-entering the United States, a violation of 8 U.S.C. § 1326, and was sentenced to 46 months of federal custody. U.S. v. Paredes-Muniz, Criminal Case 1:15-696-1, Dkt. No. 26 (S.D. Tex. 2015). Paredes-Muniz remains incarcerated at the United States Penitentiary in Victorville, Texas. Dkt. No. 1.

---

[1] Paredes-Muniz styled his petition as an "application for writ of habeas corpus pursuant to Article 27.03 of the Texas Code of Criminal Procedure." Dkt. No. 1. The Texas Code of Criminal Procedure does not apply to civil cases filed in federal court. Turner v. Crites, No. C-09-53, 2009 WL 913820, at *1 (S.D. Tex. Apr. 1, 2009). As discussed later in this report and recommendation, affording Paredes Muniz the benefit of the doubt due pro se petitioners, the Court should construe the motion to be a habeas petition pursuant to 28 U.S.C. § 2241. The result, however, is the same.

On October 15, 2018, Paredes-Muniz filed a petition for a <u>writ</u> <u>of</u> <u>habeas</u> <u>corpus,</u> Dkt. No. 1.[2] In that petition, he argues that the State of Texas has current indictments against him in an unspecified case and that the failure to timely try him for those offenses violates his speedy trial rights. Paredes-Muniz seeks dismissal of the indictment, but fails to identify the indictment. Indeed, he never specifies what crime he was indicted for, or when the crime occurred, or even which jurisdiction indicted him. Paredes-Muniz also fails to identify whether he pursued any remedies in the state courts prior to filing the instant petition.

## II. Applicable Law

### A. Habeas Corpus

A § 2254 motion is reserved for collateral attacks on the validity of a conviction or criminal judgment issued by a state court. <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 961 (5th Cir. 2000).

"Pretrial [<u>habeas</u>] petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998) (internal quotation marks omitted).

### B. Abstention

Federal courts have the authority "to enjoin state proceedings in order to protect federal rights." <u>Gates v. Strain</u>, 885 F.3d 874, 880 (5th Cir. 2018). "Under the <u>Younger</u>[3] abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff

---

[2] According to the pre-sentence report, Paredes-Muniz had arrest warrants, dating from 2014, issued by the Brownsville Municipal Court for failing to appear and defend himself against citations related to his ownership and treatment of his dogs. <u>U.S. v. Paredes-Muniz</u>, Criminal Case 1:15-696-1, Dkt. No. 20. No state indictments were identified in the pre-sentence report.

[3] <u>Younger v. Harris</u>, 401 U.S. 37, 43-47 (1971).

2

has an adequate opportunity in the state proceedings to raise constitutional challenges." Gates, 885 F.3d at 880 (internal quotation marks omitted).

If those three criteria are satisfied, "then a federal court may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply. Specifically, courts may disregard the Younger doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." Texas Ass'n of Bus. v. Earle, 388 F.3d 515, 519 (5th Cir. 2004).

If none of the exceptions apply, then the Court should decline to exercise jurisdiction. Weekly v. Morrow, 204 F.3d 613, 614-15 (5th Cir. 2000) ("Federal courts do not abstain on Younger grounds because they lack jurisdiction; rather, Younger abstention reflects a court's prudential decision not to exercise [equity] jurisdiction which it in fact possesses.") (quoting Benavidez v. Eu, 34 F.3d 825, 829 (9th Cir. 1994) (brackets original).

"[T]he alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding," under Younger. Gates, 885 F.3d at 882.

## III. Analysis

Paredes-Muniz is proceeding pro se in the current case.  As a pro se litigant, his allegations are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). This liberal construction, however, "does not exempt [him] . . .  from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Furthermore, federal pleadings are construed "liberally according to ... substance rather than ... form or label." Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623, 633 n. 39 (5th Cir. 2002).  Paredes-Muniz's petition is not challenging a state conviction, but, instead, seeks dismissal of a purported state court indictment.  As such, his petition is

3

properly construed as a § 2241 petition. <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998) (a prisoner's petition "seeking release from the pending state criminal proceedings against him" is properly considered a § 2241 petition).

Given the absence of information asserted by Paredes-Muniz, the Court will assume that the sparse facts given are correct: <u>i.e.</u>, that there is a state court indictment pending against Paredes-Muniz and that the State of Texas is not acting on that indictment, but instead has left it pending.

As previously noted, when deciding whether to abstain from proceeding in such a case, the Court must determine (1) if exercising jurisdiction "would interfere with an ongoing state judicial proceeding"; (2) if the state has an important interest in this claim; and (3) if Paredes-Muniz has an "adequate opportunity in the state proceedings to raise constitutional challenges." <u>Gates</u>, 885 F.3d at 880.

All three of these conditions are present in this case. While Paredes-Muniz has not identified the indictment that he seeks dismissal of, the dismissal of a state court indictment would clearly interfere with an ongoing state judicial proceeding. <u>Gates</u>, 885 F.3d at 880. Additionally, the state has an important interest in ensuring that its criminal laws are enforced. <u>Id</u>. Furthermore, Paredes-Muniz has an adequate opportunity to raise this issue in his state court case. This conclusion follows from the fact that under Texas law, a defendant may file, in state court, a motion to dismiss the indictment for violations of his speedy trial rights. <u>Zamorano v. State</u>, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002) (dismissing indictment for speedy trial violations). Accordingly, the Court should abstain from exercising jurisdiction under <u>Younger</u>, unless one of the three listed exceptions is met.

As previously noted, the three listed exceptions, which would dictate that a federal court should intervene in the state matter, are that: (1) the state court proceeding was brought in bad faith; (2) the underlying state statute is flagrantly unconstitutional; or (3) application of the abstention doctrine was waived. <u>Texas Ass'n of Bus.</u>, 388 F.3d at 519. A plaintiff has the burden of proving the applicability of these exceptions. <u>Gates</u>, 885 F.3d at 881 (5th Cir.

4

2018) (citing <u>Hensler v. Dist. Four Grievance Comm. of State Bar of Tex.</u>, 790 F.2d 390, 391 (5th Cir. 1986)).

Paredes-Muniz has not shown that any of the exceptions are applicable in this case. Paredes-Muniz has not pled any facts showing that the state criminal proceedings were brought in bad faith. <u>Gates</u>, 885 F.3d at 881 ("A prosecution is taken in bad faith if state officials proceed without hope of obtaining a valid conviction.") (internal quotation marks omitted). Moreover, Paredes-Muniz has also not pled any facts showing that the underlying state statute is flagrantly unconstitutional. Finally, he also not shown that any defendant has affirmatively waived the abstention doctrine.

Furthermore, the Fifth Circuit has already addressed this precise issue. It expressly held that "the alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding." <u>Gates</u>, 885 F.3d at 882. This Court is bound by that decision. <u>Campbell v. Sonat Offshore Drilling, Inc.</u>, 979 F.2d 1115, 1121 n. 8 (5th Cir. 1992) ("It has been long established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts unless overruled <u>en</u> <u>banc</u> or by the United States Supreme Court.").

In short, the Court should abstain from enjoining the underlying state criminal proceeding and dismiss Paredes-Muniz's petition.

## IV. Recommendation

It is recommended that the Court dismiss Juan Alexis Paredes-Muniz's petition without prejudice for writ of habeas corpus on the basis that it is abstaining from exercising jurisdiction.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2241 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A); <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional

right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id.</u> at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).

After reviewing Paredes-Muniz's motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Paredes-Muniz's motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, the issuance of a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1). Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 17, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge